# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,      :      Case No. 3:09-po-076

  -vs-      Magistrate Judge Michael R. Merz

      :

RHONDA M. BADE,

      Defendant.

## DISMISSAL ORDER

This case is before the Court on Motion to Dismiss of Defendant Rhonda M. Bade (Doc. No. 6), which was filed and served June 11, 2009. Under S. D. Ohio Civ. R. 7.2, Plaintiff's response was due to be filed by July 8, 2009, but no response has been filed. Under the same Rule, failure to file a response to a motion is in itself grounds for granting the motion, unless it would result directly in entry of final judgment. Because the instant Motion is dispositive, the Court considers it on the merits.

Defendant Rhonda Bade is charged with speeding at Wright Patterson Air Force Base on September 25, 2007. The case is before this Court under the Assimilative Crimes Act, 18 U.S.C. § 13. The Violation Notice, No. R3419406, was issued to Defendant on day of the alleged offense. No information appears in the "Court Date" space on the Violation Notice, from which a defendant is told to infer that they will be notified in the mail of the date to appear.

For reasons which are completely unexplained, the Violation Notice was not scanned and

filed by the Central Violations Bureau ("CVB")[1] until March 30, 2009. CVB also performs the function of aggregating Violation Notices into initial appearance dockets for this Court. It did so by producing an appearance docket for May 13, 2009, and notified Ms. Bade to appear on that date, which she did with counsel.

Defendant's Motion to Dismiss is brought under the Sixth Amendment[2], which provides in pertinent part "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, . . ." The Supreme Court has developed a four-part balancing test to use in determining whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). Delay is presumptively prejudicial where the post-accusation delay approaches one year. *Doggett v. United States*, 505 U.S. 647 (1992).

Here the Government waited more than eighteen months to even formalize the charge by filing it and has offered no explanation of the delay. Defendant asserted the right promptly by raising it at her initial appearance and formalizing the objection by the instant Motion, filed less than a month after initial appearance. Prejudice to the Defendant seems very likely. Because this is a minor traffic infraction, the Court has every reason to credit Defendant's claim that she has forgotten "a good portion of the events surrounding the traffic stop." Persons who are infrequently cited for offenses are perhaps more likely to remember each one more vividly than persons with more frequent violations, but a speeding violation stop is unlikely to implant vivid memories, and the

---

[1]The Central Violations Bureau in San Antonio, Texas, performs the clerk of court functions for all traffic violations charged by violation notice in this Court.

[2]Although Congress enacted the federal Speedy Trial Act to implement the constitutional guaranty, it does not apply to this case because the charged offense is an "infraction" under federal law. 18. U.S.C. § 3172(2).

memories are more likely to be of the encounter with a law enforcement officer than of the facts of the offense, which of course are what must be tried.

Given the length of the unexplained delay and the presumption of prejudice, the Court finds that further proceeding with this matter would violate Defendant's constitutional right to a speedy trial. The Violation Notice is accordingly ordered dismissed with prejudice.

July 9, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge